## VOLKMAR *v.* MANHATTAN RY. CO.

*(Superior Court of New York City, General Term. May 5, 1890.)*

1. NEGLIGENCE—DANGEROUS PREMISES—PRESUMPTION.
    In an action for personal injuries sustained by an iron plate from an elevated railway falling on plaintiff, the latter proved the falling while he was riding under the structure, and rested. *Held,* that a motion to dismiss the complaint was properly denied, as the evidence raised a presumption of negligence.

2. SAME—PROOF OF NEGLIGENCE.
    Defendant showed that the plate had been secured according to the best method known, and with more than usual precaution; that it could have only come off by reason of the breaking of a bolt; and that the break was not discovered or discoverable notwithstanding the exercise of great care. *Held,* that it thereupon became the duty of plaintiff to point out the specific thing constituting the alleged negligence of defendant.

Appeal from jury term.
Action by Henry G. Volkmar against the Manhattan Railway Company. Plaintiff appeals from judgment entered upon a verdict directed against him, and from an order denying his motion for a new trial.
Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.
*Edwin R. Leavitt,* for appellant.    *Davies & Rapallo,* for respondent.

FREEDMAN, J. This action was brought to recover damages for personal injuries occasioned by an iron plate or clip falling upon the plaintiff from the railroad structure of the defendant. The fall of the said plate or clip was alleged as having resulted from the negligence of the defendant or its servants. This was denied by the answer. The plaintiff proved the falling of the plate or clip while he was riding under the structure, and then rested. A motion to dismiss the complaint at this stage of the trial was denied, and properly so, because the fall of the plate or clip, in the absence of an explanation, raised a presumption of negligence.

The defendant then showed that, both in the construction and the maintenance of the road, great care had been taken to guard against such an occurrence; that the plate or clip had been secured according to the best method in known practical use at the time of the accident, and with more than usual precaution; that the plate or clip could only have come off by reason of the

breaking of a bolt; and that the break in question, in the manner it did occur, was not discovered or discoverable notwithstanding the exercise of great care. As a whole, the evidence thus given by the defendant was full and circumstantial, and sufficient to overthrow the presumption of negligence. The burden thereupon rested upon the plaintiff to show that, notwithstanding all that was shown by the defense, the defendant, in the exercise of due care, still was bound to do, or omit to do, something else, by which the occurrence would have been averted. The plaintiff gave no such additional proof. Nor could an inference be competently drawn from the whole evidence, notwithstanding the explanation given by the defendant, that, after all, the defendant was negligent in some specific particular. It was, in the nature of things, impossible for the defendant to prove more than it had proved; and it therefore became incumbent upon the plaintiff to point out the specific thing which constituted the alleged negligence, especially as he had carried off the bolt, the breaking of which caused the injury, and had not produced it. In the absence of such proof or inference pointing to specific negligence, a verdict was properly directed for the defendant. To have refused to direct a verdict, under such circumstances, would have been equivalent to hold that the presumption of negligence arising from the mere happening of an accident was incapable of being overthrown. As the case was left, the occurrence came within the category of accidents which sometimes do happen in spite of the requisite care exercised by both parties. The judgment and order should be affirmed, with costs. All concur.